**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000742
13-MAR-2024
08:54 AM
Dkt. 218 SO**

NO. CAAP-18-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JIM ANDREWS and THE LANDSCAPE WORKS, INC.,
Plaintiffs-Appellees,
v.
MARCUS ROSEHILL, Individually,
Defendant-Appellant,
and
MARCUS ROSEHILL, as Trustee of the MARCUS F. ROSEHILL
REVOCABLE LIVING TRUST and VIOLET MARIE M. ROSEHILL
REVOCABLE LIVING TRUST; DENNIS J. CLEMENT; MARVI M.
ROSEHILL CHING, Co-Trustee of the MARCUS F. ROSEHILL
REVOCABLE  LIVING TRUST and VIOLET MARIE M. ROSEHILL
REVOCABLE LIVING TRUST; JOHN DOES 2-10; DOE CORPORATIONS
1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,
Defendants
(CIVIL NO. 07-1-2393-12)


AND


MARVI M. ROSEHILL CHING and MARCUS ROSEHILL,
Trustees of the MARCUS F. ROSEHILL REVOCABLE LIVING TRUST
and VIOLET MARIE M. ROSEHILL REVOCABLE LIVING TRUST,
Plaintiffs-Appellees,
v.
JIM ANDREWS and THE LANDSCAPE WORKS, INC.,
Defendants-Appellees
(CIVIL NO. 06-1-1982-11)


AND

JIM ANDREWS and THE LANDSCAPE WORKS, INC.,
Plaintiffs-Appellees,
v.
MARVI M. ROSEHILL CHING and MARCUS ROSEHILL,
Trustees of the MARCUS F. ROSEHILL REVOCABLE LIVING TRUST
and VIOLET MARIE M. ROSEHILL REVOCABLE LIVING TRUST,
Defendants-Appellees,
and
JOHN DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,
Defendants
(CIVIL NO. 06-1-1976-11)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

This appeal arises from three civil cases that the Circuit Court of the First Circuit (**circuit court**) eventually consolidated: (1) Civil No. 06-1-1976-11; (2) Civil No. 06-1-1982-11; and (3) Civil No. 07-1-2393-12 (collectively, the **Consolidated Cases**).  Defendant-Appellant Marcus Rosehill (**Rosehill**) appeals from the "Final Judgment in Favor of Plaintiffs[-Appellees Jim Andrews (**Andrews**) and The Landscape Works, Inc. (**Landscape**)] and Against . . . Rosehill, Individually" (**Judgment**), entered on August 31, 2018, in the circuit court.[1]  Rosehill contends that the circuit court erred in entering the Judgment because:  (1) the court lacked subject matter jurisdiction over the Consolidated Cases; and (2) even if the court had subject matter jurisdiction, Andrews's claims against Rosehill were precluded by the doctrine of res judicata.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Rosehill's contentions as follows and affirm.

(1) Rosehill contends that the circuit court lacked subject matter jurisdiction over Andrews's claims against Rosehill, because those claims were related to claims that had

---

[1]      The Honorable Keith K. Hiraoka presided.

been litigated to judgment in a prior district court summary possession action, which Andrews had appealed to this court. Rosehill appears to argue that the filing of the appeal from the district court action divested the circuit court of jurisdiction over the Consolidated Cases that eventually spawned the Judgment. According to Rosehill, the Judgment is therefore void.

Resolving this jurisdictional issue requires a brief review of the parties' lengthy and complicated litigation history. It appears that history began on August 31, 2006, when Rosehill, as "Trustee of the Marcus F. Rosehill Revocable Living Trust and Violet Marie M. Revocable Living Trust"[2] **(Trustee Rosehill** and **the Trusts)**, filed a summary possession action, which also sought damages, against "Jim Andrews dba The Landscape Works" in the District Court of the First Circuit **(district court)**. On October 6, 2006, Andrews filed an answer, a demand for a jury trial, and a counterclaim based on a purported oral option agreement to purchase the subject property (**Property**), and alleging, among other things, unjust enrichment for the value of the commercial trees and palms on the Property. On the same date, Andrews filed a motion to dismiss the complaint and to transfer the case to the circuit court, alleging that title was at issue because of the purported oral agreement. The motion was denied on October 26, 2006. On November 8, 2006, the district court conducted a trial on the summary possession claim, found that Andrews was on a month-to-month lease and had not paid rent since 1996, and stated that the court would issue a writ of possession forthwith.

The effect of the jury demand and counterclaim was to sever Trustee Rosehill's damages claims on back rent and the claims asserted in the counterclaim for jury trial in the circuit court, while the district court retained jurisdiction over the summary possession part of the case. See Lum v. Sun, 70 Hawaiʻi 288, 297-98, 769 P.2d 1091, 1097 (1989). On November 14, 2006, the district court committed the damages claims for trial in the circuit court, and on November 15, 2006, the matter was docketed

---

[2] It appears that Marcus F. Rosehill and Violet Marie M. Rosehill were Rosehill's parents.

as Civil No. 06-1-1982-11.

On November 14, 2006, Andrews and Landscape filed a complaint for declaratory judgment against Trustee Rosehill in the circuit court, initiating Civil No. 06-1-1976-11. The complaint requested a stay of execution of the district court's anticipated judgment for possession and writ of possession to prevent forfeiture of Andrews's commercial tree nursery business. The complaint shares substantial similarities with the district court counterclaim that subsequently became Civil No. 06-1-1982-11.

On December 4, 2006, the district court entered a judgment for possession and also issued a writ of possession (with an effective date of November 8, 2006) in favor of Trustee Rosehill and against Andrews. On January 3, 2007, Andrews filed a notice of appeal from the judgment of possession, initiating Appellate Case No. 28350. On or about January 5, 2007, the writ of possession was executed.

On April 26, 2007, the circuit court consolidated Civil Nos. 06-1-1976-11 and 06-1-1982-11.

On December 19, 2007, Andrews and Landscape filed a new complaint in the Circuit Court against Rosehill, individually and as trustee of the Trusts, and process server Dennis J. Clement (**Clement**), seeking the return of Andrews's personal property and animals, as well as damages, related to the execution of the writ of possession. The new complaint initiated Civil No. 07-1-2393-12.

On December 3, 2008, the circuit court, among other things, granted the motion of Marvi M. Rosehill Ching, as co-trustee of the Trusts (**Trustee Ching**), to intervene in the consolidated matter comprising Civil Nos. 06-1-1976-11 and 06-1-1982-11.

On March 17, 2010, the circuit court consolidated Civil No. 07-1-2393-12 with the previously consolidated Civil Nos. 06-1-1976-11 and 06-1-1982-11.

On January 5, 2011, in a separate probate action by Trustee Ching against Rosehill, Rosehill was removed as a trustee of the Trusts, leaving Ching as the sole trustee of the Trusts.

On January 6, 2011, Andrews and Landscape filed a first amended complaint in the Consolidated Cases, which included Trustee Ching as a co-defendant, and added claims against Rosehill, "[i]ndividually, and as [t]rustee[,]" for fraud (Twelfth Claim), misrepresentation (Thirteenth Claim), and abuse of process (Fourteenth Claim) (collectively, the **Remaining Claims**).

It appears that at a March 18, 2011 mediation, all of the claims among the parties in the Consolidated Cases were settled, except for the Remaining Claims against Rosehill individually in Civil No. 07-1-2393-12. On August 5, 2011, following a July 1, 2011 hearing, the circuit court entered an order granting Trustee Ching's motion for determination of a good-faith settlement of all claims between Trustee Ching and Andrews, Landscape, Clement, and other parties.

At a June 16, 2011 hearing, the circuit court granted Andrews and Landscape's motion for summary judgment on the Remaining Claims. The court's August 4, 2011 written order concluded, among other things, that Rosehill was individually liable on the Remaining Claims, leaving the issue of damages for trial.

On July 7, 2011, Andrews and Landscape filed a motion in this court to withdraw the appeal in Appellate Case No. 28350, stating that the parties had reached a settlement under which Andrews and Landscape would withdraw the appeal. On July 22, 2011, this court granted the motion and dismissed the appeal.

On July 11, 2011, a jury trial to determine damages on the Remaining Claims against Rosehill began, and on July 13, 2011, the jury awarded Andrews and Landscape damages in the amount of $2.5 million against Rosehill. On September 1, 2011, the circuit court entered final judgment in favor of Andrews and Landscape and against Rosehill, individually, in the amount of $2.5 million (**September 1, 2011 Judgment**).

On March 29, 2017, Rosehill filed a motion to set aside or vacate the September 1, 2011 Judgment, pursuant to Hawaiʻi Rules of Civil Procedure Rule 60(b). Andrews and Landscape filed their opposition on April 25, 2017. The circuit court heard the

motion on May 3, 2017, and entered an order denying the motion on June 28, 2017. The Judgment was entered on August 31, 2018.

As explained above, Rosehill now argues that the Judgement is void because the filing of the appeal in the summary possession action divested the Circuit Court of jurisdiction over the Consolidated Cases.

Rosehill's argument is without merit. The three claims that were tried to a jury and that resulted in the $2.5 million judgment against Rosehill, *i.e.*, the Remaining Claims in Civil No. 07-1-2393-12, were not alleged in Rosehill's summary possession complaint or in Andrews's counterclaim in the district court. Rather, the Remaining Claims appear to have arisen when and after the writ of possession was executed. Because these claims were not part of the district court summary possession action, they were not affected by Andrews's appeal from the judgment for possession in that action. In other words, Andrews's appeal from the district court's judgment did not divest the circuit court of jurisdiction over the claims that actually went to trial. The circuit court did not err in exercising jurisdiction over these claims.

(2) Rosehill contends that even if the court had subject matter jurisdiction, Andrews's claims against Rosehill were precluded by the doctrine of res judicata.

The party asserting res judicata, or claim preclusion, has the burden of establishing that: (1) there was a final judgment on the merits; (2) the parties to the action in question are the same or in privity with the parties in the original suit; and (3) the claim decided in the original suit is identical to the one presented in the action in question. See Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004). Here, for the reasons previously stated, the claim decided in the summary possession action is not identical to the three claims that were presented and tried to a jury, resulting in the Judgment against Rosehill. Rosehill's argument based on res judicata is therefore without merit.

For the reasons discussed above, the "Final Judgment in Favor of Plaintiffs and Against Defendant Marcus Rosehill,

Individually," entered on August 31, 2018, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 13, 2024.

On the briefs:

Frederick J. Arensmeyer
for Defendant-Appellant.

Ryan G.S. Au
for Plaintiffs/Defendants-
Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge